UNITED STATES *v.* JULES RAUNHEIM (INC.) ET AL. (No. 3252)[1]

JULES RAUNHEIM (INC.) ET AL. *v.* UNITED STATES (No. 3254)

United States Court of Customs and Patent Appeals, April 10, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*Thomas M. Lane* of counsel) for Jules Raunheim (Inc.) et al.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

Petitioner, Jules Raunheim (Inc.), has filed a motion for rehearing herein. Careful examination has been given its brief filed therewith.

[1] T. D. 43975.

In the opinion rendered in this case on February 6, 1930, 17 C. C. P. A. 425, T. D. 43867, we considered the case of *T. Jefferson Coolidge*, T. D. 25966, G. A. 5892, and held that the decision rendered in that case was based wholly upon the commercial meaning of the words "pearls not strung." We then said, speaking of the case at bar:

There is nothing in the record to indicate that the subsequent practice of the department was not also based upon the commercial understanding of the words "pearls not strung."

We now withdraw the quoted language from that opinion. It was unnecessary to our decision of the case, we having held, and now hold, that there is no ambiguity in the statute there under consideration, and therefore administrative practice to determine its construction can not be resorted to.

However, as the language now stricken out implies a presumption of continuance of classification based upon commercial designation, in administrative practice, where the original decision thereafter followed was based upon commercial designation, we do not wish to be understood as so holding, and for that reason it is stricken out. Whether, under certain circumstances, such a presumption would prevail, it is unnecessary here to determine.

Only one other point in petitioner's brief requires consideration. Complaint is made of our reversing a finding of fact made by the lower court upon the subject of commercial designation "with the mere comment that the testimony 'does not establish that the commercial meaning of the word "beads" is different from the common meaning, as that common meaning has heretofore been defined by this court.'" This was only saying in effect that there was no evidence in the record upon which a finding of fact of commercial understanding differing from common meaning could properly be based.

This court has reiterated so often the essential proof required in cases of commercial designation that it is deemed unnecessary to repeat it in each case where the question arises.

There is no testimony in the record that the commercial understanding relied upon by petitioner was uniform, definite, and general throughout the trade and commerce of the United States, and, therefore, there was no proper basis for the finding of the court below that "real pearls in the condition of those in question are not designated by the wholesale pearl trade, nor the bead trade, as beads, or pearl beads; that what are called pearl beads in the trade are always imitation pearls."

The motion for rehearing is *denied.*